United States District Court
Southern District of Texas
**ENTERED**
November 05, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID ACOSTA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-26-3693 |
| | § | |
| OCCIDENTAL PETROLEUM CORPORATION et. al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Plaintiff's Opposed Motion for Voluntary Dismissal Without Prejudice (Document No. 34). Having considered the motion, submissions, and applicable law, the Court determines that Plaintiff's motion should be granted.

## I. BACKGROUND

This is a personal injury action arising from a workplace incident at a natural gas plant in Hobbs, New Mexico (the "Hobbs plant"). Plaintiff David Acosta ("Plaintiff") alleges he was injured on September 8, 2025, when a recloser malfunctioned, causing an arc flash while he was performing electrical work at the Hobbs plant. Based on the foregoing, on May 6, 2026, Plaintiff filed his original complaint in the 127th Judicial District Court of Harris County, Texas asserting various claims sounding in tort against: (1) Defendant OXY USA Inc. ("OXY

USA"), as Plaintiff's alleged employer; (2) Defendant Occidental Permian Ltd. ("OXY Permian"), as the alleged premises owner; and (3) Defendant Occidental Petroleum Corporation ("OPC"), as the corporate parent of OXY USA and OXY Permian. On May 7, 2026, OXY USA, OXY Permian, and OPC (collectively referred to as "Defendants" or "OXY Defendants") removed this case to this Court on the basis of diversity jurisdiction.[1]

On September 4, 2026, Plaintiff filed a related action in New Mexico state court.[2] Plaintiff contends that other parties potentially responsible for his injuries were identified through discovery in this action, and that the New Mexico action developed as further discovery became available.[3]

On September 25, 2026, Plaintiff filed a motion for voluntary dismissal with this Court.[4] Plaintiff asserts that dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2) is warranted so that his claims may proceed in a single

---

[1] *See Notice of Removal*, Document No. 1.

[2] *See Plaintiff's Opposed Motion for Voluntary Dismissal Without Prejudice*, Document No. 34 at 3; *see also Acosta v. Occidental Petroleum Corp.*, No. D-101-CV-2026-02534 (N.M. 1st Jud. Dist. Ct., Santa Fe Cnty).

[3] *See Plaintiff's Reply in Support of Motion for Voluntary Dismissal Without Prejudice*, Document No. 38 at 2–3.

[4] *See Plaintiff's Opposed Motion for Voluntary Dismissal Without Prejudice*, Document No. 34.

action in New Mexico state court.[5] Plaintiff further contends that because this Court lacks personal jurisdiction over Spartan Construction ("Spartan"), Ingram Professional Services, Inc. ("Ingram"), or Schweitzer Engineering Laboratories, Inc. ("SEL"), the New Mexico action is the only forum in which all potentially responsible entities may be joined.[6]

On October 16, 2026, Defendants jointly filed a response in opposition to Plaintiff's motion for voluntary dismissal.[7] First, Defendants argue that Plaintiff's motion is an attempt to circumvent a potential adverse ruling from this Court on Defendants' separate motions for judgment on the pleadings under Rule 12(c).[8] Second, Defendants contend that dismissal would deprive them of their otherwise available right to a federal forum.[9] Defendants further contend that additional

---

[5] *See Plaintiff's Opposed Motion for Voluntary Dismissal Without Prejudice*, Document No. 34 at 1–4.

[6] *See Plaintiff's Opposed Motion for Voluntary Dismissal Without Prejudice*, Document No. 34 at 1, 4.

[7] *See Oxy Defendants' Response in Opposition to Plaintiff's Opposed Motion for Voluntary Dismissal Without Prejudice*, Document No. 37.

[8] *See Oxy Defendants' Response in Opposition to Plaintiff's Opposed Motion for Voluntary Dismissal Without Prejudice*, Document No. 37 at 5.

[9] *See Oxy Defendants' Response in Opposition to Plaintiff's Opposed Motion for Voluntary Dismissal Without Prejudice*, Document No. 37 at 5–10.

factors, including the time and resources they have expended defending this action, weigh against dismissal.[10]

## II. STANDARD OF REVIEW

Pursuant to Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) is intended to "freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). "As a general rule, motions for voluntary dismissal should be freely granted, absent some plain legal prejudice to the non-moving party." *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (citing *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002)). "[D]ismissal on motion under Rule 41(a)(2) is within the sound discretion of the court, and its order is reviewable only for abuse of discretion." *U.S. ex rel. Doe*, 343 F.3d at 330.

The following factors may be considered in determining whether a defendant will suffer "plain legal prejudice" from a plaintiff's voluntary dismissal: "(1) the plaintiff seeks dismissal after an adverse ruling or to circumvent an expected adverse result; (2) the case has proceeded far in the litigation; or (3) dismissal would strip

[10] *See Oxy Defendants' Response in Opposition to Plaintiff's Opposed Motion for Voluntary Dismissal Without Prejudice*, Document No. 37 at 10–11.

the defendant of an otherwise available defense." *Lester v. Exxon Mobil Corp.*, 383 F. Supp. 3d 618, 626 (E.D. La. 2019) (citing *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)).

## III. LAW & ANALYSIS

The Court considers in turn each of Defendants' arguments that they will suffer plain legal prejudice if the Court grants Plaintiff's motion for voluntary dismissal.

### *A. Pending Rulings on Defendants' Rule 12(c) Motions*

Defendants first contend that Plaintiff seeks dismissal to avoid imminent adverse rulings on their pending Rule 12(c) motions.[11] Defendants cite several cases to support their contention that "courts in this circuit have consistently refused to permit voluntary dismissal that operates as an escape hatch from a pending dispositive motion."[12] Plaintiff contends, however, that the authorities Defendants cite involved circumstances materially different from those here.[13]

---

[11] *See Oxy Defendants' Response in Opposition to Plaintiff's Opposed Motion for Voluntary Dismissal Without Prejudice*, Document No. 37 at 5.

[12] *Oxy Defendants' Response in Opposition to Plaintiff's Opposed Motion for Voluntary Dismissal Without Prejudice*, Document No. 37 at 5.

[13] *See Plaintiff's Reply in Support of Motion for Voluntary Dismissal Without Prejudice*, Document No. 38 at 2; *see also Harris v. Devon Energy Production Co.*, 500 F. App'x 267, 269 (5th Cir. 2012) (per curiam) (where the plaintiffs conceded they could not prove causation and offered no evidentiary support for their stated reason for dismissal); *see also Bobo v. Christus Health*, 227 F.R.D. 479, 480–81 (E.D. Tex. 2005) (where the plaintiff moved to dismiss one day after the defendant's dispositive motion, on a theory

Here, a review of the record reveals no indication that Plaintiff seeks to avoid an adverse ruling. Plaintiff has conceded nothing and opposed each Rule 12(c) motion on the merits.[14] Additionally, Plaintiff's stated reason for dismissal finds support in the record as discovery disclosures and subsequent investigations revealed additional potentially responsible parties.[15] Defendants' August 10, 2026, initial disclosures identified Kameron Brown of Spartan as a person with discoverable information. Plaintiff subsequently discovered an additional electrical maintenance company hired by the OXY Defendants, initially identified as IPS and later amended to Ingram. On September 17, 2026, Defendants produced more than 1,500 pages of documents regarding the electrical equipment, which subsequently identified SEL. Accordingly, the Court finds that Plaintiff does not seek dismissal to avoid an imminent adverse ruling.

---

courts nationwide had rejected); *see also Thomas v. Miramar Lakes Homeowners Ass'n*, No. 4:13-CV-1479, 2014 WL 3897809, at *2–4 (S.D. Tex. Aug. 6, 2014) (where the plaintiff moved to dismiss after mediation and a signed settlement, giving no reason beyond no longer wishing to pursue the case).

[14] *See Plaintiff's Response to Defendant Oxy USA Inc.'s Rule 12(C) Motion for Judgment on the Pleadings,* Document No. 24; *see also Plaintiff's Response to Defendant Occidental Permian Ltd.'s Rule 12(C) Motion for Judgment on the Pleadings*, Document No. 25; *see also Plaintiff's Response to Defendant Occidental Petroleum Corporation's Rule 12(C) Motion for Judgment on the Pleadings*, Document No. 26.

[15] *See Plaintiff's Opposed Motion for Voluntary Dismissal Without Prejudice*, Document No. 34 at 2–4.

*B. Defendants' Right to Otherwise Available Defenses*

Defendants next contend that dismissal would cause plain legal prejudice because it would strip them of a substantive right of the federal forum secured through removal.[16] Defendants argue that their pending Rule 12(c) motions, if granted, would end this case with prejudice "without the need for further litigation."[17] Defendants maintain that granting Plaintiff's motion for voluntary dismissal would deprive Defendants of this dispositive advantage, as neither Rule 12(c) nor federal pleading standards are applicable in state court proceedings.[18] Plaintiff contends that Defendants conflate losing a defense with having to assert it in another forum.[19]

Plain legal prejudice may exist where dismissal would strip the defendant of an otherwise available defense. *Lester*, 383 F. Supp. 3d at 626 (citing *Manshack*, 915 F.2d at 174). In *Phillips v. Illinois Central Gulf Railroad*, the Fifth Circuit affirmed the denial of dismissal where a plaintiff sought voluntary dismissal to avoid a pending summary judgment motion based on an expired statute of limitations. 874

---

[16] *See Oxy Defendants' Response in Opposition to Plaintiff's Opposed Motion for Voluntary Dismissal Without Prejudice*, Document No. 37 at 8.

[17] *See Oxy Defendants' Response in Opposition to Plaintiff's Opposed Motion for Voluntary Dismissal Without Prejudice*, Document No. 37 at 10.

[18] *See Oxy Defendants' Response in Opposition to Plaintiff's Opposed Motion for Voluntary Dismissal Without Prejudice*, Document No. 37 at 10.

[19] *See Plaintiff's Reply in Support of Motion for Voluntary Dismissal Without Prejudice*, Document No. 38 at 2.

F.2d 984, 986–87 (5th Cir. 1989). The plaintiff conceded his claims were time-barred in the pending forum and dismissal would have left the defendant "stripped of an absolute defense to the suit—the difference between winning the case without a trial and abiding the unknown outcome of such a proceeding." *Id.* at 987.

Here, a review of the record shows that Defendants have not identified any substantive defense that dismissal of this action would extinguish. Defendants do not contend that New Mexico law forecloses a challenge to the sufficiency of Plaintiff's allegations. Defendants contend only that a different pleading standard would apply.[20] What Defendants would lose, then, is the federal forum and its procedural rules, not a defense. That a plaintiff may litigate in a forum the defendant would not have chosen does not, without more, amount to plain legal prejudice. *See Bechuck v. Hòme Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016) (explaining that "the potential for forum-shopping does not count as legal prejudice"). Likewise, the prospect that a pending motion will not be decided here is not the "absolute defense" contemplated in *Phillips*. Accordingly, the Court finds that dismissal would not strip Defendants of an otherwise available defense and therefore would not cause Defendants plain legal prejudice on this ground.

[20] *See Oxy Defendants' Response in Opposition to Plaintiff's Opposed Motion for Voluntary Dismissal Without Prejudice*, Document No. 37 at 10.

*C. Stage of Litigation*

Defendants further contend they have spent considerable time and resources defending this action since May 2026.[21] Plaintiff contends that discovery only recently began, and that the disclosures, production, and preparation to date will carry over to the New Mexico action.[22] Plaintiff further notes that Defendants have not identified any discovery that would have to be repeated after dismissal.[23]

A review of the record shows that this case remains in the early stages of discovery, which is scheduled to be completed by the end of July 2027.[24] Accordingly, the Court finds that the stage of this litigation does not weigh against dismissal.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's Opposed Motion for Voluntary Dismissal Without Prejudice (Document No. 34) is **GRANTED**. The Court further

---

[21] *See Oxy Defendants' Response in Opposition to Plaintiff's Opposed Motion for Voluntary Dismissal Without Prejudice*, Document No. 37 at 11.

[22] *See Plaintiff's Opposed Motion for Voluntary Dismissal Without Prejudice*, Document No. 34 at 2.

[23] *See Plaintiff's Reply in Support of Motion for Voluntary Dismissal Without Prejudice*, Document No. 38 at 2–3.

[24] *See Joint Discovery/Case Management Plan Under Rule 26(f)*, Document No. 23 at 4.

**ORDERS** that Plaintiff David Acosta's claims against Defendants OXY USA Inc., Occidental Permian Ltd., and Occidental Petroleum Corporation are **DISMISSED WITHOUT PREJUDICE**. The Court further

**ORDERS** that all other pending motions in this matter are hereby **DENIED AS MOOT**.

SIGNED at Houston, Texas, on this 2 day of November, 2026.

DAVID HITTNER
United States District Judge